# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| GUILLERMO MURILLO MOLINA | § § | |
| v. | § § | Civil Action No. 4:17-CV-00017 |
| COLLIN COUNTY, TEXAS; ROBERT LANGWELL | § § § § | Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Collin County and Deputy Robert Langwell's Motion to Exclude Opinions and Testimony of Plaintiff's Expert Ernest Burwell (Dkt. # 33). After reviewing the relevant pleadings and motion, the Court denies the motion.

## BACKGROUND

This is an excessive force case arising from a dog bite Plaintiff Guillermo Murillo Molina sustained from a Collin County police canine under the control of Deputy Langwell. As a result of the incident, Plaintiff alleges Defendants violated 42 U.S.C. § 1983, and Defendant Collin County violated the Texas Tort Claims Act. In preparation for trial, on July 6, 2017, Plaintiff disclosed expert Ernest Burwell. On August 21, 2017,[1] Defendants filed their Motion to Exclude ("the Motion") (Dkt. #33), and on September 15, 2017, Plaintiff filed his response (Dkt. #39). Subsequently, Defendants filed their reply (Dkt. #47) on October 2, 2017, and Plaintiff filed his sur-reply (Dkt. #51) on October 5, 2017.

---

[1] Both Plaintiff and Defendants claim Defendants filed their Motion (Dkt. #33) on August 18, 2017. Although Defendants initially filed their Motion on August 18, 2017, the Clerk's Office deemed it "deficient" and sent notice of the deficiency to Defendants. As a result, Defendants re-filed their Motion on August 21, 2017, within one business day of receiving the deficiency notice. Whether the Motion is considered filed August 18th or August 21st is irrelevant to the Court, as the deadline for filing the Motion was August 17th, as discussed further herein.

## ANALYSIS

Plaintiff argues Defendants filed their Motion untimely. Defendants do not dispute their untimeliness, but instead, in their reply (Dkt. #47), request leave to file their Motion.

On April 12, 2017, the Court entered a Scheduling Order (Dkt. #11) setting June 9, 2017 as Plaintiff's deadline to disclose expert testimony and July 7, 2017 as Defendants' deadline to disclose expert testimony. Subsequently, in response to the parties' Joint Agreed Motion for Extension of Time for Dispositive Motion and Expert Deadlines (Dkt. #18), the Court extended disclosure of expert testimony until July 7, 2017 for Plaintiff and August 7, 2017 for Defendants (Dkt. #19). In the Court's original Scheduling Order (Dkt. #11) and implicit in the Court's Order Granting Joint Agreed Motion for Extension of Time (Dkt. #19),[2] the Court made clear the deadline to object to a party's expert witnesses was "six weeks after disclosure of an expert is made."

Here, Plaintiff disclosed Ernest Burwell to Defendants on July 6, 2017. *See* Dkt. #39 at p. 5; Dkt. #47 at p. 1 n.1. As such, Defendants had until August 17, 2017, six weeks from Plaintiff's disclosure, to object to Ernest Burwell. Defendants did not file their Motion until August 21, 2017, after the six-week deadline passed. Accordingly, Defendants Motion is untimely.

Defendants, in their reply (Dkt. #47), request leave to file their Motion. (Dkt. #47 at p. 2). The Court finds Defendants' request fails to comply with the Court's Local Rules. Pursuant to the Eastern District of Texas Local Rules, a party moving "for leave to file a document should [file the motion] separately and immediately before the document for which leave is sought." LOCAL

---

[2] In the Court's Order (Dkt. #19), the Court stated "[a]ll other deadlines contained in the SCHEDULING ORDER of April 12, 2017 shall remain in effect." This includes the deadline in which the parties needed to object to each other's expert witnesses.

RULE CV-7(k). Further, when a party seeks various forms of relief, the party must file separate documents, except when the motion concerns a request for alternative relief. *See* LOCAL RULE CV-7(a). Defendants failed to comply with these rules. Instead of filing a motion for leave "separately and immediately before the document for which leave is sought," Defendants made an informal request in their reply to their Motion. Moreover, Defendants attempted to combine various forms of relief into one motion—excluding Ernest Burwell and seeking leave of court. Accordingly, the Court finds Defendants failed to abide by the Local Rules in making their request for leave.

Taking into consideration Defendants' untimeliness and disregard of the Local Rules, the Court finds Defendants' Motion to Exclude Plaintiff's Expert Ernest Burwell should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Exclude Opinions and Testimony of Plaintiff's Expert Ernest Burwell (Dkt. #33) is hereby **DENIED.**

**SIGNED this 25th day of October, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE