# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| GUILLERMO MURILLO MOLINA | § § | |
| v. | § § | Civil Action No. 4:17-CV-00017 |
| | § | Judge Mazzant |
| COLLIN COUNTY, TEXAS; ROBERT LANGWELL | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Guillermo Murillo Molina's Motion for Leave to Supplement Summary Judgment Evidence ("Motion for Leave") (Dkt. #48) and Defendants Collin County and Deputy Robert Langwell's Objections and Motion to Strike Plaintiff's Improper Summary Judgment Evidence ("Motion to Strike") (Dkt. #44). After reviewing the relevant pleadings and motions, the Court grants Plaintiff's Motion for Leave and denies Defendants' Motion to Strike.

## BACKGROUND

This is an excessive force case arising from a dog bite Plaintiff sustained from a Collin County police canine under the control of Deputy Langwell. As a result of the incident, Plaintiff alleges Defendants violated 42 U.S.C. § 1983, and Defendant Collin County violated the Texas Tort Claims Act. On August 18, 2017, Defendants each filed Motions for Summary Judgment (Dkt. #30; Dkt. #31). On September 15, 2017, Plaintiff filed his responses (Dkt. #37; Dkt. #38). Subsequently, Defendants filed their Motion to Strike (Dkt. #44) arguing Plaintiff's expert reports attached to his summary judgment responses constitute unauthenticated, inadmissible, and improper summary judgment evidence. On October 2, 2017, Plaintiff filed his Motion for Leave (Dkt. #48) requesting the Court allow Plaintiff the opportunity to supplement his expert reports

with authenticating declarations. As a result, Defendants filed their response (Dkt. #49) on October 3, 2017, and Plaintiff filed his reply (Dkt. #50) on October 5, 2017.

## ANALYSIS

### I. Motion for Leave

Plaintiff seeks leave to supplement his expert reports with declarations authenticating the reports submitted by Plaintiff's experts. If granted, Plaintiff contends Defendants will not suffer any prejudice or surprise. Conversely, Defendants claim granting leave "smacks of ambush" and allows Plaintiff to "effectively sandbag Defendants."

Expert reports that are unauthenticated or unverified may not be considered on summary judgment. *See* FED. R. CIV. P. 56(e); *Winstead v. Georgia Gulf Corp.*, 77 F. App'x 267, 271 (5th Cir. 2003). However, when a party attaches unsworn expert reports as summary judgment evidence, such deficiencies are curable by the filing of the experts' sworn declarations. *See Greene v. Toyota Motor Corp.*, No. 3:11-cv-207-N, 2014 WL 12575716, at *3 n.5 (N.D. Tex. June 2, 2014); *Straus v. DVC Worldwide, Inc.*, 484 F. Supp.2d 620, 634 (S.D. Tex. 2007).

Here, in response to Defendants' Motions for Summary Judgment (Dkt. #30; Dkt. #31), Plaintiff submitted the expert report of Dr. Michael Lyman ("Lyman") and expert report and supplemental report of Ernest Burwell ("Burwell"). However, Plaintiff failed to authenticate such reports making them improper evidence for the Court to consider in its summary judgment analysis. Plaintiff attempts to cure these deficiencies by supplementing the reports with declarations by Lyman and Burwell authenticating their reports. Seeing that these declarations cure such deficiencies in the reports, the Court finds granting Plaintiff's Motion for Leave

appropriate.[1]  *Exxon Mobil Corp. v. U.S.*, 108 F. Supp.3d 486, 530 n.33 (S.D. Tex. 2015); *Straus*, 484 F. Supp.2d at 634.

Although Defendants argue granting leave "smacks of ambush" and results in "sandbagging," the Court is unpersuaded. The crux of Defendants' arguments focus on the expert reports themselves, not the submission of declarations authenticating the expert reports. In fact, Defendants fail to raise any arguments as to how granting leave allowing for such declarations results in prejudice or surprise. Allowing Plaintiff to supplement with authenticating declarations does not change the substance of the evidence. Instead, the declarations cure an evidentiary defect. As such, the Court finds Defendants will not suffer surprise or prejudice from the Court granting leave.

## II. Motion to Strike

Defendants argue Plaintiff's reports of Burwell and Lyman are unauthenticated and therefore inadmissible. As discussed above, such deficiencies in Plaintiff's expert reports are cured by Plaintiff's subsequent declarations authenticating the reports. Defendants further argue Plaintiff's expert reports are inadmissible because they are conclusory and offer unsupported opinions and incorrect legal conclusions. The Court finds such arguments untimely.

On April 12, 2017, the Court entered a Scheduling Order (Dkt. #11) setting the deadline to object to a party's expert witnesses as "six weeks after disclosure of an expert is made." Here, Plaintiff disclosed Burwell to Defendants on July 6, 2017. *See* Dkt. #47 at p. 1 n.1. As such,

---

[1] Pursuant to Local Rule CV-7, a party moving "for leave to file a document should [file the motion] separately and immediately before the document for which leave is sought." LOCAL RULE CV-7(k). Rule CV-7 applies to those documents which stand independent of other documents. Stated differently, Rule CV-7 controls documents that by themselves are sufficient to be filed with the Court. Here, Plaintiff seeks to supplement his responses to Defendants' Motions for Summary Judgment with authenticating declarations. These declarations are not documents which are independently filed with the Court. In fact, filing such declarations separately and independently would constitute a deficient filing. As such, Rule CV-7 is inapplicable, and the Court does not take it into consideration in determining whether to grant or deny Plaintiff's Motion for Leave.

3

Defendants had until August 17, 2017, six weeks from Plaintiff's disclosure, to object to Burwell. Defendants did not file their Motion to Strike until September 28, 2017, after the six-week deadline passed. Further, Plaintiff disclosed Lyman on June 9, 2017. *See* Dkt. #13; Dkt. #48, Exhibit 1 at p. 3. As such, Defendants had until July 21, 2017, six weeks from Plaintiff's disclosure, to object to Lyman. Defendants did not file their Motion to Strike until September 28, 2017, after the six-week deadline passed. Accordingly, such arguments by Defendants are untimely.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Leave to Supplement Summary Judgment Evidence (Dkt. #48) is hereby **GRANTED**.

It is further **ORDERED** that Defendants' Objections and Motion to Strike Plaintiff's Improper Summary Judgment Evidence (Dkt. #44) is hereby **DENIED.**

SIGNED this 25th day of October, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE