# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| GUILLERMO MURILLO MOLINA | § § | |
| v. | § § | Civil Action No. 4:17-CV-00017 |
| COLLIN COUNTY, TEXAS; ROBERT LANGWELL | § § § § | Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Guillermo Murillo Molina's Motion to Exclude Defendants' Experts (Dkt. #41). After reviewing the relevant pleadings and motion, the Court grants in part and denies in part the motion.

## BACKGROUND

This is an excessive force case arising from a dog bite Plaintiff sustained from a Collin County police canine under the control of Deputy Robert Langwell. As a result of the incident, Plaintiff alleges Defendants Collin County and Deputy Robert Langwell violated 42 U.S.C. § 1983, and Defendant Collin County violated the Texas Tort Claims Act.

On September 18, 2017, Plaintiff filed his Motion to Exclude Defendants' Experts (Dkt. #41). Specifically, Plaintiff seeks to exclude Officer Juan Flores, Deputy Robert Merritt, Deputy Robert Langwell, and Lieutenant Michael Fichtl, Jr. from testifying as experts. Subsequently, Defendants filed their response (Dkt. #45) on September 29, 2017.

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function

as gatekeepers, and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

**ANALYSIS**

Plaintiff argues exclusion of Defendants' experts is proper because the experts are unqualified, unreliable, provide duplicative and cumulative testimony, and answer questions of law. The Court addresses each argument in turn.

**I.    Qualifications**

Plaintiff asserts Defendants' experts are unqualified because they do not possess specialized knowledge regarding the use of force in canine deployments.[1] Furthermore, Plaintiff contends Defendants' experts' knowledge is limited to general knowledge regarding use of force in police work, not canine police deployment. Conversely, Defendants claim their experts are qualified based on their knowledge, skill, experience, training, and education.

"Whether an individual is qualified as an expert is a question of law." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009); FED. R. EVID. 104(a). "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Huss*, 571 F.3d at 452 (quoting *Wilson Woods*, 163 F.3d 935, 937 (5th Cir. 1999)). "Rule 702 does not mandate that an expert be highly qualified in order to testify about a

---

[1] In making this argument, Plaintiff fails to cite, and the Court does not find any, case law discussing the necessary qualifications for a police officer designated as an expert on the use of force in canine deployment in excessive force cases. As such, the Court focuses its analysis on the proposed experts' "knowledge, skill, experience, training, or education," as required by Federal Rule of Evidence 702.

given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Id.* Further, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. 596.

### a. Officer Flores

Officer Flores is a licensed Texas Peace Officer and certified by the Texas Commission on Law Enforcement ("TCOLE"). (Dkt. #30, Exhibit 10 at p. 3). However, Officer Flores is not a canine officer and does not hold any specialized knowledge or expertise of canine deployments. (Dkt. #30, Exhibit 10 at p. 22). Further, besides the night in question, Officer Flores has never dealt with situations involving canines. (Dkt. #30, Exhibit 10 at p. 22). Given Officer Flores's inexperience and lack of knowledge in using force in canine deployment, the Court strikes Officer Flores as an expert witness on such subject matter. *See* FED. R. EVID. 702. However, such restriction does not limit Officer Flores in his testimony as a fact witness.

### b. Deputy Merritt

Deputy Merritt is a licensed peace officer in Texas and is TCOLE certified. (Dkt. 30, Exhibit 11 at p. 1). Further, Deputy Merritt is a certified canine handler and is currently assigned a canine unit from the Collin County Sheriff Office, Brex. (Dkt. 30, Exhibit 11 at p. 2). Prior to Brex, Deputy Merritt controlled a different canine, Rocky, for four years. (Dkt. 30, Exhibit 11 at p. 2). In addition to owning various canine units, Deputy Merritt has completed numerous canine trainings and education courses from 2013 through 2017. (Dkt. 30, Exhibit 11 at p. 3). Taking into consideration Deputy Merritt's experience, knowledge, skill, and education, the Court finds Deputy Merritt is qualified to testify as an expert regarding the use of force in canine deployment.

### c. Deputy Langwell

Deputy Langwell is a twelve-year patrol deputy with the Collin County Sherriff's Office. (Dkt. #30, Exhibit 4 at pp. 2–3). Currently, Deputy Langwell controls Elo, a Belgian Malinois canine unit. (Dkt. 30, Exhibit 4 at pp. 7–8). Since 2012, Deputy Langwell has and continues to complete canine training and recertifies as a canine handler on an annual basis. (Dkt. 30, Exhibit 4 at pp. 4–7, 9, 11). Taking into consideration Deputy Langwell's experience, knowledge, skill, and education, the Court finds he is qualified to testify as an expert regarding the use of force in canine deployment.

### d. Lieutenant Fichtl, Jr.

Lieutenant Fichtl is a licensed police officer and TCOLE certified. (Dkt. #30, Exhibit 12 at p. 1). While Lieutenant Fichtl has some experience with situations involving canines, he is not a certified canine handler. (Dkt. #30, Exhibit 12 at p. 2). Further, there is no evidence that Lieutenant Fichtl has completed any canine training or education courses. Given Lieutenant Fichtl's inexperience and lack of knowledge in using force in canine deployment, the Court strikes Lieutenant Fichtl as an expert witness on such subject matter. *See* FED. R. EVID. 702. However, such restriction does not limit Lieutenant Fichtl in his testimony as a fact witness.

As such, the Court finds Deputy Merritt and Deputy Langwell are qualified to testify as experts on the use of force in canine deployment, but Officer Flores and Lieutenant Fichtl are not.

## II. Reliability/ Rule 403

Plaintiff argues Defendants' experts are unreliable because they are interested witnesses. Further, Plaintiff claims having interested experts is unduly prejudicial, confusing and misleading to the jury, a waste of the Court's time, and is demonstrably duplicative, redundant, and needlessly

5

cumulative. Conversely, Defendants contend Plaintiff's arguments go to the weight and not the admissibility of their experts.

Regarding Officer Flores, Deputy Merritt, and Lieutenant Fichtl, the Court finds their employment with Collin County does not render their testimony unreliable and inadmissible. *See Daubert*, 509 U.S. at 596 (holding vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence). However, the analysis as it relates to Deputy Langwell is not as simple. Although knowledgeable on the use of force in canine deployment, the combination of his involvement as the arresting officer, Elo's controller, and his anticipated expert testimony that his actions were reasonable, the Court reserves its decision on whether Deputy Langwell is reliable as an expert until the pretrial conference or trial.[2]

Regarding Plaintiff's arguments that allowing all four officers to testify is demonstrably duplicative, redundant, and needlessly cumulative, the Court is unpersuaded. As explained above, not all four officers will testify as to the use of force in canine deployments. While Deputy Langwell and Deputy Merritt's anticipated testimony concerns the same subject matter—use of force in canine deployments—their viewpoints, past experiences, and trainings make their anticipated testimony distinguishable and neither duplicative nor cumulative.[3] Likewise, Officer Flores and Lieutenant Fichtl's testimony, as it relates to general knowledge in using force, differs from one another based on these same considerations. As such, the Court finds allowing all four officers to testify does not waste the Court's time or needlessly present cumulative evidence.

---

[2] Such reservation does not affect Deputy Langwell's ability to testify as a fact witness.

[3] In addressing this argument, the Court is assuming Deputy Langwell's anticipated expert testimony is admissible. However, such assumption is for the purpose of addressing Plaintiff's argument and in no way foreshadows the Court's future ruling on Deputy Langwell's admissibility as an expert.

6

**III. Questions of Law**

Plaintiff argues allowing Defendants' experts to address the three-factor test articulated in *Graham v. Connor* for determining reasonableness of force is inadmissible because it addresses a question of law. The Court disagrees.

An expert may never render conclusions of law. *Goodman v. Harris Cty*, 571 F.3d 388, 399 (5th Cir. 2009). However, expert testimony "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." *Id.* (quoting FED. R. EVID. 704). "In excessive-force claims, the reasonableness of an officer's conduct depends on the facts and circumstances of each particular case . . . ." *Cooper v. Brown*, 844 F.3d 571, 522 (5th Cir. 2016) (citations omitted). Further, the fact finder's inquiry is whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation. *Id.* (citations omitted). As such, a determination of reasonableness is a question of fact, not law, making such testimony admissible.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Exclude Defendants' Experts (Dkt. #41) is hereby **GRANTED IN PART and DENIED IN PART.**

Accordingly, the Court strikes Officer Flores and Lieutenant Fichtl from testifying as an expert witness on the use of force in canine deployment. However, the Court permits Deputy Merritt to testify as an expert regarding such subject matter. Concerning Deputy Langwell, the Court reserves its decision on whether to strike him as an expert witness until either the pretrial conference or the date of trial.

**SIGNED this 27th day of October, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE