# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| GUILLERMO MURILLO MOLINA | § § | |
| v. | § § | Civil Action No. 4:17-CV-00017 |
| COLLIN COUNTY, TEXAS; ROBERT LANGWELL | § § § | Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Guillermo Murillo Molina's ("Molina") Motion for Reconsideration (Dkt. #65). After reviewing the relevant pleadings and motion, the Court finds the motion should be denied.

## BACKGROUND

The issue before the Court concerns the Court's decision to grant Defendant Collin County's motion for summary judgment. On August 18, 2017, Collin County filed its Motion for Summary Judgment (Dkt. #31). On November 21, 2017, the Court entered a Memorandum Opinion and Order (the "Opinion") granting Collin County's motion (Dkt. #59). As a result of the Court's ruling, on December 12, 2017, Molina filed a motion for reconsideration (Dkt. #65). Specifically, Molina requests the Court to reconsider its ruling as it pertains to Molina's claim under the Texas Tort Claims Act ("TTCA"). On January 3, 2018, Collin County filed its response (Dkt. #97) and Molina filed his reply (Dkt. #99).

## LEGAL STANDARD

A motion seeking "reconsideration" may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *see also Milazzo v. Young*, No. 6:11-cv-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012).

Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

"If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Milazzo*, 2012 WL 1867099, at *1; *see Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, No. H-08-2931, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011). Here, Molina filed his motion for reconsideration within 28 days of the Court's Opinion; therefore, Molina's motion is considered a Rule 59(e) motion.

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo*, 2012 WL 1867099, at *1 (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479).

## ANALYSIS

On November 21, 2017, the Court issued its Opinion dismissing, in pertinent part, Molina's claim under the TTCA against Collin County (Dkt. #59). The Court's analysis in its Opinion discussed whether Molina met its burden in establishing the existence of actual notice. The Court concluded that Molina did not meet his burden and that Collin County lacked actual notice.

Molina argues that "based on recent Texas state court precedent" the evidence in this case supports a finding that Collin County had actual notice (Dkt. #65 at p. 5). The Court disagrees. Specifically, the Court finds that the recent Texas appellate court decision is distinguishable from the case at hand and does not constitute "an intervening change in the controlling law." *Milazzo*, 2012 WL 1867099, at *1 (citing *Schiller*, 342 F.3d 567).

Section 101.101 requires a plaintiff give a governmental entity notice of a claim against it "not later than six months after the day that the incident giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a). If the plaintiff does not provide a formal, written notice, then the plaintiff must prove that the governmental entity had actual notice "that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged."[1] TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(c). "[G]overnmental entities have actual notice when they have knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010) (quoting *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995)).

Clarifying the second requirement, the Texas Supreme Court stated that the "governmental unit [must] have knowledge that amounts to the same notice to which it is entitled by section 101.101(a). That includes subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury." *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 347 (Tex. 2004). "It is not enough that a governmental unit should have investigated an incident as a prudent person would have, or that it did investigate, perhaps as part of routine safety procedures, or that it should have known from the investigation it conducted that it might

---

[1] Both parties agree that Molina failed to provide Collin County with formal written notice. As such, the Court addresses whether Molina met his burden in establishing that Collin County had actual notice.

3

have been at fault." *Id.* at 347–48. Further, "[f]ault, as it pertains to actual notice, is not synonymous with liability; rather, it implies responsibility for the injury claimed." *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia ex rel. Vasquez-Anrancibia*, 324 S.W.3d 544, 550 (Tex. 2010). However, "[s]tanding alone, mere knowledge that an incident or injury has occurred does not establish actual notice." *Univ. of Tex. Health Sci. Ctr. v. McQueen*, 431 S.W.3d 750, 755 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Cathey*, 900 S.W.2d at 341). "The purpose of the notice requirement is 'to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial.'" *Id.* (quoting *Cathey*, 900 S.W.2d at 341). "[A]ctual notice is a fact question when the evidence is disputed." *Simons*, 140 S.W.3d at 348. However, "actual notice can be determined as a matter of law." *Id.*

The recent Texas case in which Molina relies on is *Tex. Tech Univ. Health Sci. Ctr. v. Bonewit*, No. 07-16-00211-CV, 2017 WL 5505513, at *1 (Tex. App.—Amarillo Nov. 15, 2017, no pet. h.) (mem. op.). In *Bonewit*, Bonewit underwent surgery to repair a ventral hernia. *Bonewit*, 2017 WL 5505513, at *5. "During her surgery, Drs. Dissanaike and Quigley made two unintended cuts in Bonewit's bowel," which resulted in bowel fluids or feces spilling into Bonewit's abdomen. *Id.* Consequently Bonewit became critically ill. *Id.* As a result, Dr. Griswold performed a second surgery and discovered "multiple leaks around the anastomosis created by Drs. Dissanaike and Quigley, permitting gross contamination of [Bonewit's] abdominal cavity from fluids leaking out of her bowel." *Id.* "Bonewit later underwent six additional surgical procedures to address the infection and complications arising therefrom." *Id.*

Bonewit filed suit against Texas Tech University Health Sciences Center ("TTUHSC") under the TTCA. *Id.* at *3. Because Bonewit did not provide TTUHSC with written notice, the

issue on appeal was whether TTUHSC had actual notice. The court upheld the trial court's ruling imputing actual notice on TTUHSC. *Id.* at *6. Specifically, the court stated that

> under this record, we cannot say that there was no 'subjective signal' to TTUHSC that Bonewit might be bringing a claim, even if unfounded, against TTUHSC in connection with the initial surgery performed by Drs. Dissanaike and Quigley. The evidence showed that, when Bonewit was reopened by Dr. Griswold, he discovered that the anastomosis created by Drs. Dissanaike and Quigley had multiple leaks resulting in gross contamination of her abdomen. This contamination in turn caused Bonewit to be in a critical condition and necessitated that Dr. Girswold undo the surgery performed by Drs. Dissanaike and Quigley. . . [T]his record demonstrates that TTUHSC was subjectively aware of its possible fault as ultimately alleged by Bonewit. . . .

*Id.*

Based on this holding, Molina argues that subjective awareness is present when a defendant is aware of the injury and its cause. Molina claims the "subjective signal" in this case is "the injury inflicted upon Guillermo by Deputy Langwell and the canine unit." (Dkt. #65 at p. 13). In other words, Molina contends "subjective awareness" exists because it is undisputed that Collin County knew of his injury and its cause, a canine unit under Deputy Langwell's control. The Court is unpersuaded.

Although it is undisputed that Collin County knew of Molina's injury and its cause, that alone is insufficient to establish actual notice. *See McQueen*, 431 S.W.3d at 755 ("Standing alone, mere knowledge that an incident or injury has occurred does not establish actual notice.") (citing *Cathey*, 900 S.W.2d at 341). Further, *Bonewit* does not provide an intervening change in the law and is distinguishable from this case. In *Bonewit*, Dr. Griswold knew Bonewit's leak resulted from the initial surgery performed by the other doctors and that said leak caused her illness and subsequent surgeries. *Bonewit*, 2017 WL 5505513, at *2. Stated differently, Dr. Griswold knew more than the mere existence of the injury, he also knew the injury resulted from the alleged malpractice of the previous surgeons. Here, Collin County knew Elo bit Molina, but such

5

knowledge does not mean an error, or more specifically excessive force, occurred. In other words, even though a bite/injury occurred, it does not necessarily follow that excessive force transpired or that Collin County had "subjective awareness of its fault, as ultimately alleged by [Molina]." *Simons*, 140 S.W.3d at 347. As such, the Court finds there is insufficient evidence to establish the existence of actual notice.

The Court finds that Molina failed to present any issue that requires the Court to reconsider its previous ruling. *See Templet*, 367 F.3d at 479 (a rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). Further, Molina did not provide either (1) an intervening change in the controlling law; (2) newly discovered evidence; or (3) a manifest error or law or fact. As such, the Court finds that its original decision should stand, and Molina's motion for reconsideration should be denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. #65) is hereby **DENIED**.

**SIGNED** this 17th day of January, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE